

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX  212 • 309 • 1100

JOSEPH PATELLA
DIRECT DIAL: 212 • 850 • 2839
EMAIL: josephpatella@HuntonAK.com

January 19, 2023

FILE NO: 120682.0000054

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

**MEMO ENDORSED**, at last page

      Re:    *Money Tree Capital Funding, LLC v. Money Tree Capital Markets LLC, a New York limited liability company, et al.*
              Case No. 1:22-cv-10084-ER

Dear Judge Ramos:

      Our firm is counsel to Defendants Anthony Lee ("Lee") and Eastone Equities LLC ("Eastone" and collectively with Lee, the "Lee Defendants") in the above-referenced action. Pursuant to the Court's Minute Entry in connection with the Pre-Motion Conference (the "Conference") held on January 18, 2023, the Lee Defendants hereby submit this letter motion seeking a stay of all discovery until the Court decides their motion to dismiss.

      As the undersigned raised during the Conference, the Lee Defendants should be treated no differently than Defendants Global Bank and Kevin Yu (collectively, the "Bank Defendants"), parties that have already been granted a stay of discovery pending the outcome of their motion to dismiss. Like the Bank Defendants, Plaintiff has asserted a claim of conversion against the Lee Defendants yet fails to allege any wrongdoing by these parties. In fact, Plaintiff groups the Lee Defendants with the Bank Defendants to make a single conclusory allegation that these parties somehow retained or diverted proceeds of the 23 mortgage loans at issue for their personal benefit. Complaint at ¶74.

      In opposition to the Lee Defendants' request for a stay during the Conference, Plaintiff's counsel asserted that these defendants are members of the "Borrower" Defendants. Apart from being inaccurate, any such relationship is of no significance as a matter of law, particularly where, as here, tortious conduct is alleged. Each of the Lee Defendants are being sued in their own capacity, as an individual (i.e., Lee) and as a corporate entity (i.e., Eastone).



The Honorable Edgardo Ramos
January 19, 2023
Page 2

As the Court granted to the Bank Defendants, a stay of discovery for the Lee Defendants is warranted because their motion to dismiss has merit. Though the Lee Defendants were relieved from submitting a pre-motion letter to the Court, their arguments in favor of dismissal of Plaintiff's conversion claim are substantially similar to the arguments raised by the Bank Defendants in their pre-motion letter, for which the Court approved and, in the interim, granted a stay of discovery.

To state a claim of conversion, a plaintiff must allege: (1) a possessory right or interest in the property; and (2) defendant's dominion over said property or interference with it in derogation of plaintiff's rights. *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006). Plaintiff's Complaint fails to plead either of these two elements. Plaintiff seeks only to recover an outstanding debt arising from unsecured loans, which is not sufficient to support a conversion claim. *See Global View Ltd. Venture Cap. v. Great Central Basin Exploration, L.L.C.*, 288 F.Supp. 2d 473, 480 (S.D.N.Y. 2003) (conversion claim failed where plaintiff did not specifically identify the allegedly converted funds). And there are no allegations whatsoever of dominion or interference by the Lee Defendants. Furthermore, Plaintiff's conversion claim is duplicative of its breach of contract claim and subject to dismissal on that basis alone. *Id.* at 479 ("For purposes of a conversion claim, the Court will not deem a plaintiff to have immediate possessory rights over money where that money represents damages in contract.").

Given that the case law strongly supports a motion to dismiss Plaintiff's conversion claim with prejudice, this Court found that the Bank Defendants are not required to participate in discovery pending a decision on their motion to dismiss. There is no reason for the Lee Defendants to be treated any differently.

Accordingly, the Lee Defendants respectfully request that they be afforded the protection of a stay of all discovery in this matter until the Court decides their motion to dismiss.

Respectfully submitted,

> Defendants Anthony Lee and Eastone Equities LLC's request for a stay of discovery pending their motion to dismiss is granted.
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: January 25, 2023
> New York, New York