# DUNNINGTON
## BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | LMcGrath@dunnington.com

January 19, 2023

**VIA ECF**
Hon. Edgardo Ramos
United States District Court      **MEMO ENDORSED**  , at last page
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Money Tree Capital Funding, LLC v. Money Tree Capital Markets, LLC, et al.*
             Case No. 1:22-cv-10084-ER
             **Defendant Money Tree Capital Markets, LLC (NY); Money Tree Capital Markets, LLC (DE), and Kamal Malik – Request to Stay Discovery**

Dear Judge Ramos:

      Dunnington, Bartholow and Miller ("DBM") is counsel to Defendants Money Tree Capital Markets, LLC, a New York LLC ("MTCAP-NY"), Money Tree Capital Markets, LLC, a Delaware LLC ("MTCAP-DE") (together the "MTCAP Defendants"), and Kamal Malik ("Malik"). Pending before this Court are multiple motions to dismiss that will—if successful—terminate and resolve this litigation. Pursuant to the colloquy before this Court on January 18, 2023, MTCAP Defendants and Malik move this Court for permission to stay discovery.

## I. BACKGROUND

      On November 28, 2022, Plaintiff Money Tree Capital Funding, LLC ("Funding") filed a 22-page complaint pleading breach of contract against MTCAP Defendants and conversion against Malik and the remaining defendants.

      On December 2, 2022, Funding demanded that: (i) Malik issue a "sworn declaration" concerning sales of 23 specific loans; (ii) documents concerning the loan sales including dates of sales, confidential customer information, and MTCAP Defendants' confidential financial information; and (iii) depositions be completed by December 23, 2022.

      On December 9, 2022, MTCAP Defendants and Malik responded that the 23 loans had been sold and offered to provide limited discovery subject to: (i) entry of a "so ordered" confidentiality agreement; and (ii) reciprocal discovery concerning Funding and its principals.

      On December 13, 2022, the parties met and conferred. Funding refused to provide the reciprocal discovery requested by the MTCAP Defendants and Malik.

      On December 16, 2022, DBM learned that a party, Anthony Lee, used threats and pressure tactics at the behest of Funding against Malik. *See* ECF 65. Funding then admitted Lee had cooperated with it, "in recent weeks," but denied instructing Lee to threaten anyone. *See* ECF 66.

      On December 21, 2022, Funding filed a letter with this Court seeking discovery including: (i) when, to whom, and for how much the 23 loans were sold for; and (ii) bank records showing the flow of money into and out of the MTCAP Defendants' accounts. ECF 59.

Hon. Edgardo Ramos
January 19, 2023
Page 2



On December 23, 2022, MTCAP Defendants and Malik responded to this letter outlining (i) the nature of threats Malik received; (ii) Funding's refusal to provide discovery; and (iii) Funding's deliberate omission of facts from its December 21, 2022 letter. *See* ECF 65.

On December 24, 2022, Funding filed a letter reply that appeared to accuse Malik of: (i) misappropriating the MTCAP Defendants' own funds; and (ii) using those funds to purchase a home for Malik's wife and other business ventures. *See* ECF 66.

On January 9, 2023, the parties met to discuss the initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure. There, Funding indicated its intention to subpoena the purchasers of the 23 loans it identified in its complaint.

On January 12, 2023, the parties had a second meet and confer concerning the still outstanding confidentiality order, where MTCAP Defendants discussed the propriety, and importance, of heightened confidentiality protections (such as attorney's eyes only) in this case.

On January 13, 2023, MTCAP Defendants and Malik filed two separate letters outlining the grounds for dismissal of Funding's claims. ECF 73, 74.

On January 17, 2023, Funding responded, alleging "upon information and belief" that Malik purchased a home in his wife's name in London. ECF 79. Funding also served: (1) 42 document demands; (2) interrogatories; (3) and 6 notices of deposition. Attached hereto as Exhibits A – H are true and accurate copies of these demands.

## II. LEGAL STANDARDS

"A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action should it continue." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The Court has discretion to stay discovery upon a showing of "good cause." *See Press v. Primavera*, No. 21-cv-10971, 2022 WL 17736916 at *1 (S.D.N.Y December 16, 2022) (ordering stay); *see also Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (ordering stay). "Good cause" is established by reviewing: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion [to dismiss]." *Id*. "Fed. R. Civ. P. 26(d) also allows the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case." *Ema Fin., LLC*, 336 F.R.D. at 79.

## III. ARGUMENT AND ANALYSIS

This Court should grant the requested stay while Defendants' respective motions to dismiss ("MTD") remain pending for three reasons: (1) the breadth of discovery sought demonstrates that Funding is using discovery as a fishing expedition and to harass—not to support legitimate claims (there are none); (2) Funding cannot point to any undue prejudice that would result because Funding had the opportunity and refused to agree to informal discovery and (if the Court denies the MTD—which is doubtful) a short passage of time will not prejudice Funding; and (3) discovery is wasteful and prejudicial because, based upon the strength of the pending MTD, this case will be dismissed.

*First*, Funding's discovery requests constitute an overbroad fishing expedition. Exceptionally broad discovery in the early stages of litigation warrants a stay. *Press v. Primavera*, No. 21-cv-10971, 2022 WL 17736916 at *1 (S.D.N.Y December 16, 2022) (staying discovery where there were extensive document requests, depositions, and third-party discovery). Most of these discovery demands are *prima facie* overbroad and unduly burdensome as they seek all

Hon. Edgardo Ramos
January 19, 2023
Page 3



documents in existence, without limitation. *See*, *e.g.*, *In re T-Sys. Scheiz AG*, 1:20-MC-308-GHW, 2020 WL 7384007 (SDNY Dec. 16, 2020) (demands were overbroad). Specifically, Funding's document requests, interrogatories and notices of deposition prove Funding seeks comprehensive details concerning MTCAP Defendants' business practice, without limitation. *See* Ex. A – H. Additionally, at the Rule 26 meet and confer, Funding expressly stated that it plans to subpoena the purchasers of 23 loans—this has no legitimate purpose. Funding requires the information in its letters (*i.e.* when, to whom, and for how much each loan was sold) and in the document demands seeking "without limitation, a name, email address, and telephone number for MTCAP Defendants' contact person at such buyer or pledgee" to subpoena these third-parties. *See* ECF. 59, 66; Ex. A at Request 3. Considering MTCAP Defendants and Malik are amenable to providing the date, pricing and other details of each sale (but not the identity of the purchaser) there is no reason for Funding to either demand this information or use this information to seek duplicate discovery from MTCAP-NY's customers or purchasers.

*Second*, Funding's discovery requests severely prejudice MTCAP Defendants and Malik, whereas a delay will not prejudice Funding. Prejudice includes lengthy discovery, effect on third parties, and overall harm to a party. *See*, *e.g.*, *Primavera,* 2022 WL at *2 (delay of discovery did not prejudice plaintiff); *see also Ema Fin., LLC*, 336 F.R.D. at 84 (staying discovery pending motion to dismiss where parties would engage in "months of discovery" and where counterclaimant intended to seek discovery from third-parties). Here, Funding's requests will only be used for improper purposes—and thus prejudice—MTCAP Defendants. Initially, the threat of unnecessary pre-answer third-party discovery warrants a stay of discovery pending resolution of the motion to dismiss. *See*, *e.g.*, *Ema Fin., LLC*, 336 F.R.D. at 84 (pre-answer third-party discovery warrants discovery stay). As discussed above, Funding has no proper purpose for demanding third parties' contact information—other than harassment. Beyond this, however, Funding seeks broad access to financial information, customer lists, market data, etc. without agreeing to appropriate protections for confidential information. It is black letter law that this kind of disclosure is prejudicial to a party absent restrictions on disclosure. *See N. Star IP Holdings, LLC v. Icon Trade Servs. LLC*, No. 122CV07324LGSSDA, 2022 WL 17490881, at *1–2 (S.D.N.Y. Dec. 6, 2022) (issuing protective order for "sensitive commercial information related to party's business"). Here, Funding has thus far refused to finalize terms of a protective order to protect MTCAP Defendants confidential financial data and demands—despite being a business competitor—complete visibility and access into all of MTCAP Defendants' inner business workings. ECF 59; *see also* Ex. A.

*Third*, the strength of the motion to dismiss. Courts look to whether the arguments advanced on the motion to dismiss have a foundation grounded in law. *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (analyzing factors); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery). MTCAP Defendants and Malik wrote letters advancing several separate legal arguments as to why the claims must be dismissed. ECF 73, 74. This Court ordered formal briefing on those arguments at the January 18, 2023 conference. Accordingly, there are substantial grounds for making such a motion.

In conclusion, this Court should grant a stay of discovery pending a resolution to MTCAP Defendants' and Malik's motions to dismiss.



                                            Respectfully Submitted,

                                            /s/ Luke McGrath

> Defendants Money Tree Capital Markets, LLC (NY), Money Tree Capital Markets, LLC (DE), and Kamal Malik's request for a stay of discovery pending their motion to dismiss is granted. SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: **January 25, 2023**
> New York, New York