UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONEY TREE CAPITAL FUNDING,
LLC,

                                 Plaintiff,

              – *against* –

MONEY TREE CAPITAL MARKETS
LLC, a New York limited liability
company, MONEY TREE CAPITAL
MARKETS LLC, a Delaware limited
liability company, KAMAL MALIK,
EASTONE EQUITIES LLC,
ANTHONY LEE, KEVIN YU,
FANGZHOU WU, *and* GLOBAL
BANK,

                                 Defendants.

**ORDER**

22-cv-10084 (ER)

RAMOS, D.J.:

        This action was commenced on November 28, 2022 with the filing of the

complaint by Money Tree Capital Funding LLC ("Money Tree Plaintiff").  Doc. 1.  On

January 6, 2023, Global Bank and Kevin Yu were granted leave to file a motion to

dismiss and did so on January 9, 2023.  Doc. 70.  After requesting an extension until

February 17, 2023 to respond to the motion, Doc. 84, Money Tree Plaintiff voluntarily

dismissed Defendants Global Bank, and Yu[1] without prejudice on February 7, 2023.

Doc. 94.

        In response, Defendants requested, via letter dated February 8, 2023, that the

action be dismissed against them with prejudice and costs, or in the alternative be granted

leave to file a motion under FRCP 11 for sanctions.  Doc. 96.  Defendants oppose the

---

[1] Anthony Lee, Eastone Equities LLC, and Fangzhou Wu were also voluntarily dismissed.

voluntary dismissal without prejudice because they have incurred significant costs defending themselves against this "blatantly frivolous and vexatious" litigation. *Id.* Money Tree Plaintiffs responded via letter on February 10, 2023, Doc. 102, and at the pre-motion conference held on February 14, 2023 all parties had the opportunity to be heard. For the following reasons Defendants will be dismissed without prejudice.

## I.     LEGAL STANDARD

Under Rule 41, a plaintiff can voluntarily dismiss an action with a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i).

## II.     DISCUSSION

Defendants argue that the Court has the discretionary authority to require the dismissal against the Defendants to be with prejudice because Money Tree Plaintiff is not voluntarily dismissing the entire action. In support of their position, they cite the Second Circuit's holding in *Harvey Aluminum, Inc. v. Am. Cyanamid Co.* that the plaintiff's absolute right to file a notice of voluntary dismissal under Rule 41(a) (1)(A)(i) may not be invoked as to fewer than all defendants. *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953).

Money Tree Plaintiff argues that Rule 41 *does* allow a plaintiff to withdraw an action as to fewer than all defendants. In response, Defendants argue that despite criticisms of *Harvey Aluminum*, it has not been overruled and is still the law of this Circuit. Defendants also argue that all of the cases Plaintiff's cited involved dismissals of claims, not parties in the action.

The caselaw supports Money Tree Plaintiff's contention that dismissal as to only some of the defendants is proper under Rule 41.  Further, while one of the cases Money Tree Plaintiff cited in their letter and during the conference, *Seidman v. Chobani,* is about the dismissal of claims as opposed to parties, two of the cases[2] it relies upon involve the dismissal of parties and not claims.  *Seidman v. Chobani*, LLC, 2016 WL 1271066 (S.D.N.Y. Mar. 29, 2016).

 "[D]istrict courts within the Second Circuit have ... adopted the approach of the majority of courts in other circuits-that is, that Rule 41(a) does not require dismissal of the action in its entirety."  *Blaize-Sampeur v. McDowell*, No. 05 Civ. 4275 (JFB) (ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (citing cases) (allowing dismissal of the complaint against four of the defendants without prejudice); *see Mut. Ben. Life Ins. Co. in Rehab, v. Carol Mgmt. Corp*., No. 93 Civ. 7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (noting that *Harvey Aluminum* [] in which the "Court of Appeals ... h[e]ld that Rule 41 allows for dismissal of entire actions, rather than claims or parties[,]" is "no longer persuasive authority on the issue."); *see also Wakefield v. N. Telecom. Inc*., 769 F.2d 109, 114 n.4 (2d Cir. 1985) (acknowledging that *Harvey Aluminum* "has been criticized and is now against the weight of the authority").

Though *Wakefield* did not expressly overrule *Harvey Aluminum*, district courts within the Second Circuit have since adopted the approach that Rule 41(a) does allow for the dismissal of less than all of the claims and parties. *See Morron v. City of Middletown*, No. 05 Civ 1705 (JCH), 22006 WL 1455607, at *1 (D.Conn. May 23, 2006) ("[W]here a

---

[2] *Blaize-Sampeur v. McDowell*, No. 05 Civ. 4275 (JFB) (ARL), 2007 WL 1958909 (E.D.N.Y. June 29, 2007) and *Guigliano v. Danbury Hosp*., 396 F.Supp.2d 220 (D.Conn. 2005).

party has not yet served an answer or a motion for summary judgment, a plaintiff has the unilateral right to dismiss an action against a particular defendant."); *Guigliano v. Danbury Hosp.*, 396 F.Supp.2d 220, 224 (D.Conn. 2005) (allowing plaintiff to dismiss a single defendant pursuant Rule 41(a)(1)); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36 (E.D.N.Y.2003) (dismissing claims against certain defendants without prejudice pursuant to Rule 41(a)); *General Foods Corp. v. Jay Zimmerman Co.*, No. 86 Civ. 2697 (KMW), 1990 WL 115714, at *2 (S.D.N.Y. Aug. 7, 1990) ("The weight of authority holds that, pursuant to Fed. R .Civ. P. 41(a)(1), a plaintiff may dismiss its claims against less than all defendants in a multi-defendant case."); *see also Plains Growers, Inc. by Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in an argument that the court could not dismiss the action as to less than all defendants upon motion, and yet there is nothing in the Rule to indicate an intent to make the word 'action' mean 'all' in 41(a)(1) and mean less than 'all' in 41(a)(2).").

Additionally, should Money Tree Plaintiff bring the same claims against Defendants, Federal Rule of Civil Procedure 41 provides a remedy.

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:  (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

### III.    CONCLUSION

Accordingly, Global Bank and Kevin Yu are dismissed without prejudice.


It is SO ORDERED.


Dated:    March 3, 2023
New York, New York

_____
EDGARDO RAMOS, U.S.D.J.